**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Allison Adkins, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:20-cv-1242 |
| General Revenue Corporation, an Ohio corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Allison Adkins, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Allison Adkins ("Adkins"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which was allegedly owed to Indiana Wesleyan University.

4. Defendant, General Revenue Corporation ("GRC"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant GRC operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant GRC was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant GRC is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant GRC conducts business in Indiana.

6. Defendant GRC is licensed as a debt collection agency in the State of Indiana, see, record NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Ms. Adkins fell behind on paying her bills, including a debt she allegedly owed to Indiana Wesleyan University. Sometime after this debt went into default, it was placed with Defendant for collection, who while trying to collect that debt sent Ms. Adkins a form collection letter, dated November 22, 2019. This letter stated:

* * *

> As of the date of this letter, the balance shown is owed. Because interest may be required to be paid on the outstanding portion of the balance, as well as late charges and other charges that may vary from day to day, the amount required to pay the balance in full on the day payment is sent may be greater than the amount stated here. If the amount stated here is paid, an adjustment may be necessary after a payment is received. In that event, notification will occur of any adjustment in the balance. Before any payment intended to pay the balance in full happens, please contact us at the address on this letter, or call (877) 645-4104.

\* \* \*

A copy of this collection letter is attached as Exhibit C.

8. The above language is a variant of a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214 F.3d 872, 876 (7th Cir. 2000), for mortgage debts where interest, late charges and other charges are continuing to accrue on an account. To include it in collection letters involving other debts, where such late charges are not accruing, violates the FDCPA. Boucher v. Finance System of Green Bay, 880 F.3d 362, 367-368 (7th Cir. 2018).

9. In fact, "late charges' or "other charges" would not and could not be added to the account because no such charges were allowed for any contract or statute.

10. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012), and Boucher, 880 F.3d at 368. Here, Defendant's actions would cause a consumer to be confused as to whether she was subject to additional late charges or other charges, when she was not, in fact, subject to them. This would directly impact her decision on whether to pay off the debt, dispute the debt, or make some other arrangement regarding the debt, and would certainly be a factor in such a decision.

11. Ms. Adkins was confused, alarmed, and concerned by Defendant's claims about late charges.

12. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the

"unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

16. By sending the collection letter claiming that additional late charges could or would be imposed, when none would, or could, be imposed, Defendant violated § 1692e of the FDCPA.

17. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

20. Defendant, by claiming that additional late charges could or would be imposed, when none would, or could, be imposed, used an unfair or unconscionable

means to collect a debt, in violation of § 1692f of the FDCPA.

21.     Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

22.     Plaintiff, Allison Adkins, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt, allegedly owed to Indiana Wesleyan University, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

23.     Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff Adkins, in their attempts to collect defaulted consumer debts from other consumers.

24.     The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Adkins.

25.     Plaintiff Adkins's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

27. Plaintiff Adkins will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Adkins has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Allison Adkins, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Adkins as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Adkins and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by

§ 1692k(a) of the FDCPA; and,

    5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Allison Adkins, individually and on behalf of all others similarly situated, demands trial by jury.

                      Allison Adkins, individually and on
                      behalf of all others similarly situated,

                      By: /s/ David J. Philipps
                      One of Plaintiff's Attorneys

Dated: April 24, 2020

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John T. Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com